UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

TRUG HOTELS & CASINO RESORTS
DEVELOPMENT COMPANY, LLC

    Plaintiff,

V.

DAVID A. ROSOW; WILLIAM I. KOCH;
EASTERN CAPITAL DEVELOPMENT, LLC;
EASTERN CAPITAL FUNDING, LLC;
THE EASTERN PEQUOT INDIANS OF
CONNECTICUT, INC., a/k/a EASTERN PEQUOT
TRIBE, a/k/a SEBASTIAN GROUP; MARK R.
SEBASTIAN; MARCIA JONES-FLOWERS;
LYNNE D. POWERS; RON JACKSON;
JOSEPH A. PERRY, JR.; KATHERINE H.
SEBASTIAN; WILLIAM O. SEBASTIAN, JR.;
MARY SEBASTIAN; LEWIS E. RANDALL, SR.;
THE PAUCATUCK EASTERN PEQUOT TRIBAL
NATION, a/k/a EASTERN PEQUOT TRIBAL
NATION; EUGENE R. YOUNG, JR.; JAMES L.
WILLIAMS, SR.; JAMES A. CUNHA, JR.;
FRANCES M. YOUNG; AGNES E. CUNHA;
GINA HOGAN; CHRISTINE C. MEISNER;
BRENDA L. GEER; RAYMOND A. GEER.

    Defendants.

Civil No. 3:03 CV 01133 (RNC)

January 14, 2004

---

**ORAL ARGUMENT NOT REQUESTED**

TOBIN, CARBERRY, O'MALLEY, RILEY & SELINGER, P.C.
43 BROAD STREET, P.O. BOX 58, NEW LONDON, CT 06320
(860) 447-0335

JURIS NUMBER
17447

## OBJECTION TO PLAINTIFF'S MOTION
## FOR RELIEF FROM STAY OF DISCOVERY

Defendants, Eastern Pequot Indians of Connecticut, Inc. a/k/a Eastern Pequot Tribe a/k/a Sebastian Group, Mark R. Sebastian, Marcia Jones-Flowers, Lynne D. Powers, Ron Jackson, Joseph A. Perry, Jr., Katherine H. Sebastian, William O. Sebastian, Mary Sebastian and Lewis E. Randall, Sr., hereby object to the Plaintiff's motion for relief from stay of discovery, dated December 23, 2003, and respectfully submit that the Court should deny Plaintiff's motion since all proceedings should be stayed until the issue of subject matter jurisdiction is resolved.

### I. Background

This action was initially brought in state court pursuant to a complaint, dated May 28, 2003. On or about June 27, 2003, Defendant Koch removed the case to this Court. On July 3, 2003, the Court, *sua sponte*, issued an Order to Show Cause Regarding Subject-Matter Jurisdiction. Subsequently, briefs have been filed and the issue of whether the Court has subjection matter jurisdiction to hear the case is still before the Court.

### II. Discussion

The Court in this case itself questions whether it has jurisdiction to hear the case; therefore, it should exercise restraint and not issue any orders or take any further action until the issue of jurisdiction is resolved. The Court's order, dated July 3, 2003, clearly identifies the

3206459 - 2 -

Court's concern regarding whether it has subject-matter jurisdiction over this matter. The issue of subject-matter jurisdiction has been briefed by the parties and is now pending before the Court. Until the issue of subject-matter jurisdiction has been resolved, the Court should take no further action.

Whenever a question of subject-matter jurisdiction arises, "it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." *Rhode Island v. Massachusetts*, 37 U.S. 657, 718 (1838). "Without jurisdiction the court cannot proceed at all in any case.... The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)(citations and internal quotation marks omitted).

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.... [and] no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie Des Bauxites*, 465 U.S. 694, 701 (1982). "If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings. *ABB Automation, Inc. v. Zaharna*, 77 Conn. App. 260, 264 (2003). See also. *U.S. Catholic Conf. v. Abortion Rights*

3206459

- 3 -

*Mobilization*, 487 U.S. 72, 77-78 (1988)(holding that a civil contempt order issued by a district court against a nonparty witness is invalid if it does not have subject matter jurisdiction and the process was not issued in aid of determining jurisdiction). Accordingly, since a determination regarding whether this Court has subject-matter jurisdiction is pending, the Court should take no further action until it has resolved the jurisdiction issue.

Since Plaintiff's discovery request is clearly directed to the merits of the case and the Court may not have jurisdiction, its motion should be denied. Here, Plaintiff asks the Court to enter an order allowing it to conduct discovery and, in particular, to permit it to immediately notice the depositions of four defendants. However, Plaintiff fails to claim that its request is relevant to the only issue which is properly before the Court at this time; i.e., jurisdiction. Plaintiff's suggestion that it will be materially prejudiced absent the immediate commencement of discovery is not only unsupported, but it is irrelevant.

First, as discussed above, if the Court lacks jurisdiction over the case, it has no authority to issue any order regardless of the potential for prejudice. Moreover, Plaintiff, apart from a naked assertion, fails to articulate any colorable reason why commencing discovery now rather than after the jurisdictional issue is resolved will prejudice it. Rather, Plaintiff's claim is that it should be permitted to pursue discovery "while memories remain fresh and while witnesses are available." Plaintiff, however, fails to demonstrate that witnesses' memories of the events

3206459

- 4 -

alleged in the complaint are fresh, at present, nor does Plaintiff articulate how those memories, if required to wait for the Court's decision, will somehow be lost. Also, apart from a bald assertion, Plaintiff states no facts, which suggest that any party will become unavailable. Similarly, its assertion that the Defendants will not be prejudiced by the granting of the motion is not articulated or supported by facts. In sum, Plaintiff has not articulated any compelling reason sufficient to override the caution with which the Court should proceed while it considers jurisdiction. Finally, if the Court decides to allow discovery, it should be available to all sides.

### III.  Conclusion

Since the Court has questioned its own ability to hear the case, it should not take any further action until the issue of subject-matter jurisdiction has been resolved. Accordingly, the above-named Defendants respectfully request that the Plaintiff's motion be denied.

THE DEFENDANTS

By: /s/ Robert D. Tobin
Robert D. Tobin, Esq. (CT08610)
Of Tobin, Carberry, O'Malley,
Riley, Selinger, P.C.
43 Broad Street, P.O. Box 58
New London, CT  06320
Tel. (860) 447-0335 Fax (860) 447-3469
Their Attorneys

3206459

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 14/b day of January, 2004, to:

Robert I. Reardon, Jr., Esq.
The Reardon Law Firm
160 Hempstead Street
New London, CT 06320
Attorney for Plaintiff

Jennifer B. Rubin
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
Connecticut Financial Center
157 Church Street
New Haven, CT 06510
Attorney for William I. Koch

Richard A. Mescon
Stuart M. Altman
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Attorneys for Eastern Capital Development, LLC
Eastern Capital Funding, LLC and David A. Rosow

Jeremiah Donovan, Esq.
P.O. Box 554
Old Saybrook, CT 06475

3206459

- 6 -

Paul M. Geraghty, Esq.
Andrews, Young & Geraghty, P.C.
216 Broad Street
New London, CT 06320

_____
Robert D. Tobin

3206459

- 7 -